**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEBORAH SANT ROBINSON,

    Plaintiff - Appellant,

v.

THE STATE OF NEW MEXICO; NEW
MEXICO ATTORNEY GENERAL;
COUNTY OF RIO ARRIBA; COUNTY
OF SANTA FE COUNTY ATTORNEY;
COUNTY OF SAN MIGUEL; CITY OF
LAS VEGAS ATTORNEY; COUNTY OF
BERNALILLO COUNTY ATTORNEY;
CITY OF ALBUQUERQUE ATTORNEY;
COUNTY OF LOS ALAMOS COUNTY
ATTORNEY,

    Defendants - Appellees.

No. 20-2036
(D.C. No. 1:20-CV-00139-JCH-CG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.[**]
_____

Pro se Plaintiff Deborah Sant Robinson removed a number of state court cases

to the United States District Court for the District of New Mexico. The district court

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

judge remanded the proceedings to state court because Robinson did not allege a federal question in her initial pleadings. The district court also set forth filing restrictions because of what it characterized as Robinson's frivolous, unintelligible filings.

Robinson appeals the district court's remand order. Pursuant to 28 U.S.C. § 1447(d), we ordinarily lack jurisdiction to hear an appeal from a district court's remand order. We do, however, have limited jurisdiction to review remand orders pursuant to 28 U.S.C §§ 1442 and 1443. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 . . . shall be reviewable.").

Robinson fails to show that her claims arise under either § 1442 or § 1443. Instead, she presents vague and conclusory arguments regarding, among other things due process, fraud on the court, false imprisonment and religious rights. Because her claims do not fit within any exception set forth in Section 1447(d), we dismiss the appeal for lack of jurisdiction.[1] We also deny as moot Robinson's motion for leave

---

[1] We cannot determine based on her briefing whether Robinson intended to appeal the filing restrictions, but she failed to challenge them in her briefing. So we do not address the propriety of the district court's imposition of filing restrictions. At this time, we do not impose filing restrictions on Robinson in this Court. However, Robinson is admonished that if she continues to file frivolous appeals in this Court, we may consider imposing restrictions as well.

to proceed in forma pauperis.

Entered for the Court


Joel M. Carson III
Circuit Judge
